**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4140**

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SANCHEZ R. HORLBECK.

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:02-cr-00821-PMD-1)

Submitted: August 16, 2012          Decided: August 20, 2012

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sanchez R. Horlbeck appeals from his thirty-month sentence imposed upon revocation of his supervised release. Horlbeck admitted two Grade A, one Grade B, and two Grade C violations related to distribution and possession of illegal drugs, associating with persons engaged in criminal activity, and failure to submit complete monthly reports. On appeal, counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief stating that there are no meritorious issues, but raising whether Horlbeck's sentence was plainly unreasonable. Although advised of his right to do so, Horlbeck has not filed a pro se supplemental brief. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district

2

court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See Crudup, 461 F.3d at 439. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

After review of the record, we conclude that the revocation sentence is not plainly unreasonable. The thirty-month prison term does not exceed the applicable maximum allowed by statute. The district court considered the argument of Horlbeck's counsel, the Guidelines advisory range, the recommendation of the Government, and addressed on the record Horlbeck's significant criminal history and inability to comply with supervised release even after participation in work readiness and drug treatment programs. See 18 U.S.C.

3

§ 3553(a)(1), (a)(2)(B)-(C); U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, introductory cmt. 3(b) (2011). The district court adequately explained its rationale for imposing sentence, and the reasons relied upon are proper bases for the sentence imposed.

Accordingly, we conclude that Horlbeck's sentence was reasonable, and we affirm the district court's judgment. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Horlbeck, in writing, of the right to petition the Supreme Court of the United States for further review. If Horlbeck requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Horlbeck.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED